IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-mj-01100

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DAVID PAUL MOE,

      Defendant.

---

## ORDER FOR RELEASE ON BOND WITH CONDITIONS
---

Defendant requests release on conditions.  The Government asks that the Defendant be detained pending trial.  The United States Probation Office recommends release on bond with severe restrictions.

I held a hearing concerning detention in this matter on August 7, 2012.  At the end of that hearing I took the matter under advisement.  In making the following ruling, I have considered the arguments of counsel, the evidence produced at the hearing, and the Court's file (including the Pretrial Services Report and, as appropriate, material received in the form of letters from third parties both opposing and supporting detention).

In the Bail Reform Act Congress recognized "the traditional presumption favoring pretrial release 'for the majority of Federal defendants.'" *United States v. Berrios-Berrios,* 791 F.2d 246, 250 (2d Cir. 1986) (quoting S. Rep. No. 98-225, reprinted in 1984 U.S.C.C.A.N. 3182). The Supreme Court has stated that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States*

*v. Salerno,* 481 U.S. 739, 755 (1987).

Here, however, there is a presumption of detention imposed by Congress.  Count 1 of the Complaint alleges that Moe distributed child pornography over the internet using file-sharing software, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and Count 2 charges Moe with possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  The former charge carries with it a presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(E).

Despite the presumption of detention here, the United States has the ultimate burden of proof and persuasion on whether there are release conditions that can reasonably assure the Defendant's appearance and protect against danger to the community.  *United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001).  The presumption of detention does put upon the Defendant a burden of production.  "[A] defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption." *United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir. 1991) (citations omitted).  "Once a defendant introduces rebuttal evidence, the presumption, rather than disappearing altogether, continues to be weighed along with other factors to be considered when deciding whether to release a defendant." *Id.*

The relevant factors in determining whether there are conditions of release that will reasonably assure the appearance of Defendant or the safety of the community include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug, (2) the weight of the evidence, (3) the defendant's personal circumstances, including family and community ties, criminal history, any

2

indication of drug and alcohol abuse, and whether at the time of the offense or arrest the defendant was on probation, parole, or conditional release, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *see also United States v. Cortez*, 12 F. App'x 708, 710 (10th Cir. 2001).

**(1)** *Nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim . . . .*

The charges against Defendant meet this standard.  Child pornography is insidious and intolerable and is a crime of violence against children.  This factor weighs heavily in the Government's favor.

**(2)** *The weight of the evidence*

The evidence against Defendant appears strong.  Agent Brian Palmer of the Department of Homeland Security testified that Defendant possessed thousands of images of child pornography.  This factor weighs heavily in the Government's favor.

**(3)** *The Defendant's history and characteristics, including*

(A)     His Character

The Government's evidence of character consisted of the following:

(1)     The facts of the alleged crime (possession of child pornography and sharing of the same through a peer-to-peer network), as well as Defendant's voluntary statement to police that he preferred looking at pictures of 4-year-and-older nude girls and particularly girls involved in masturbation;

(2)     An 11-year old unsubstantiated allegation of improper touching of a three-year old at Defendant's place of employment (Paddington Station Preschool), as well as the fact that someone who obtained child pornography chose to work at a preschool; and

(3)     Defendant's entries into a daily journal in which he focused (and perhaps fixated) on his interaction with the children for whom he cared. These journals are approximately 800 pages of mostly single spaced handwriting, covering many incidents in Defendant's life and containing many describing Defendant's interactions (including hugs and other physical contact) with the children at the preschool.

On the other hand, Defendant has no prior criminal offenses. There is no evidence of substance abuse. Defendant was gainfully employed at Paddington Station (and apparently well liked by many associated with that institution) for 18 years. The record also shows a very stable family connection and apparently healthy relationships with parents, siblings, nieces, nephews, and family friends.

In my view, this factor is neutral. Both sides have evidence in their favor. The journal, while demonstrating a strange and potentially disturbing preoccupation with Defendant's non-sexual interaction with those left in his care, is also remarkable for demonstrating a lack of criminal intentions toward those children. The Government raised the argument that Defendant's affectionate (albeit apparently platonic) behavior toward the children could be his attempted grooming of them. Neither party offered any expert or even

well-informed testimony on this issue, and I have no basis for reaching this conclusion other than the bare allegation of the Government.   In fact, I found the lack of evidence of inappropriate touching significant for this type of case, involving someone who had an interest in child pornography and who had significant access to live subjects but yet a dearth of any allegations of misconduct with those subjects.   In my experience (and that of Homeland Security special agent Brian Palmer pursuant to his testimony), such allegations are common in this situation.

(B)    Physical and Mental Condition

The record discloses no significant health issues.   This factor weighs in the Defendant's favor.

(C)    Family Ties

Defendant's family ties are extremely strong.   His family is supporting him in this prosecution.   This weighs heavily in favor of Defendant.

(D)    Financial Resources

Defendant has financial resources, some of his own and also those of his family who have pledged their assistance to him.   This factor weighs in the Defendant's favor.

(E)    Length of Residence in the Community

Defendant has lived in Colorado since infancy.   This factor weighs heavily in the Defendant's favor.

(F)    Community Ties

As with the family ties, Defendant's community is the Denver area, although the

Paddington Station Preschool community of which he was once a part is clearly antagonistic toward Defendant (with limited exception).  This factor is neutral for that reason.

(G)   Past Conduct

I have already considered the nature and circumstances of the Defendant's criminal behavior in addressing the weight of the evidence and Defendant's character.  The other elements of Defendant's past conduct weigh in his favor, as does this factor as a whole.

(H)   History Related to Drug or Alcohol Abuse

There is no reported substance abuse.  This factor weighs in the Defendant's favor.

(I)   Criminal History

Defendant's criminal history is clean.  This factor weighs heavily in the Defendant's favor.

(J)   Record concerning appearance at court proceedings

This factor weighs in the Defendant's favor, as there is no history of court involvement.

(K)   Whether, at the time of the current offense or arrest, the defendant was on probation, parole, or some other release status

This factor weighs in the Defendant's favor.

**(4)   *The nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.***

Other than the instant alleged offense, Defendant has no record of criminal conduct. There is no history nor even implication of danger to the community other than as noted above (in the discussion of Defendant's character).  I have deliberated on this question and

believe that with the conditions of release that I will impose, Defendant will not be a danger to any person or the community.  Thus, this factor weighs in the Defendant's favor.

Considering the totality of the record before me, I believe the factors weigh in the Defendant's favor.  Although simple mathematics would establish that the factors are more in the Defendant's favor than the Government's, that is not the task for this Court.  These decisions cannot be reduced to a formula, but in this case, both the arithmetic and the Court's informed belief tip toward the Defendant's position that the presumption has been overcome.

When the presumption of detention is present in a child pornography case, the Court considers reasons why the presumption has been overcome.  I see such reasons here, as noted above.  Defendant's burden of production has been met.  I then try to look for other behavior or circumstances that would show a predisposition or risk toward acting out on a defendant's sexual addiction to child pornography.   In past child pornography cases, I have seen significant allegations of improper touching; actual admitted sexual contact with minors; chats and e-mails with other purveyors of child pornography; and additional physical/psychological issues such as substance abuse, broken family, history of the Defendant having been abused, etc.  I see virtually none of that here.

I find that Defendant has overcome the presumption present in this case (in light of the conditions of release outlined below), and that the Government has not met its ultimate burden of establishing by clear and convincing evidence that no condition or combination of conditions are adequate to assure the safety of persons or the community.

As noted at the hearing, I will permit the Government to advocate for reasonable

7

conditions of release.  Those shall include, at a minimum:

(1) a property bond for the home where Defendant was living at the time of his arrest, in the full amount of the equity in the home;

(2) home *incarceration* (with no permission to leave the dwelling other than for court appearances);

(3) active GPS monitoring, which shows in real time Defendant's current location;

(4) avoiding all contact with any minor children;

(5) residence at Defendant's parents' home and placement in their custody, with them agreeing to (a) supervise the Defendant, (b) use every effort to assure the Defendant's appearance at all court proceedings, and (c) notify the Court immediately if the Defendant violates a condition of release or is no longer in the custodian's custody;

(6) prohibition from Defendant accessing the internet;

(7) prohibition from the Defendant accessing, possessing, or viewing any pornography, child or adult;

(8) prohibition from the Defendant subscribing to any internet service;

(9) requiring that the Defendant and/or his parents shall cancel any internet service and provide verification of cancellation to the Probation Office;

(10) allowing the Probation Office to monitor access to personal computers or laptops and allowing the Probation Office entrance to his residence for such purpose;

8

(11) purging any personal computers or electronic devices of all existing image files containing pornography within 24 hours of release;

(12) prohibition from use of any encryption software;

(13) undergoing a mental health evaluation and participating in a program of mental health treatment, as approved by the supervising probation officer.

**The Defendant should also be aware that with one material violation of his conditions of release, I will order him detained.**

SO ORDERED.

DATED and ENTERED this 8th day of August, 2012, in Denver, Colorado.

By the Court:

Michael E. Hegarty
United States Magistrate Judge